UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD NOEL THOMAS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　　Respondent. | Case No. 1:24-cv-00724-CDB (HC)<br><br>ORDER TRANSFERRING CASE TO THE WESTERN DIVISION OF THE CENTRAL DISTRICT OF CALIFORNIA<br><br>(Doc. 1) |

　　　　Petitioner Edward Noel Thomas ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner raises challenges to his September 15, 2023 resentencing on his 1999 conviction entered by the Superior Court of Ventura County. (*Id*. at 1-2). Ventura County is located within the jurisdiction and venue of the Western Division of the Central District of California. 28 U.S.C. § 84(c)(2).

　　　　When a habeas petition is filed by a person in custody under a state court judgment, and that state contains two or more federal judicial districts—such as California—the petition may be filed in either the judicial district in which the petitioner is presently confined, or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d). When a habeas petition challenges the petitioner's conviction or sentence, e.g., a habeas petition brought pursuant to 28 U.S.C. § 2254, the district where the petitioner was convicted and sentenced is a more convenient forum because trial court records, witnesses, and other evidence related to the crime

and his conviction are usually located in that district. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 499 n.15 (1973). Thus, California courts generally transfer habeas actions challenging state convictions or sentences to the district where the petitioner was convicted and sentenced. *See, e.g., Tate v. Unknown*, No. 24-cv-756 JLS (LR), 2024 WL 2880583, at *1 (S.D. Cal. May 7, 2024) (citing *Braden*); *Gakuba v. Cal. Attorney Gen.*, No. 22-cv-07698 NC (PR), 2022 WL 17813143, at *1 (N.D. Cal. Dec. 16, 2022); *Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993).

Here, because Petitioner is challenging his conviction obtained in Ventura County, the better forum for his claims is the division of the district court where he was convicted. Additionally, the undersigned notes that Petitioner filed a subsequent § 2254 petition raising similar challenges which is pending in the Western Division of the Central District of California. *See Thomas v. On Habeas Corpus*, No. 2:24-cv-06816-MCS-KES (C.D. Cal. Aug. 9, 2024). Thus, the Court finds in its discretion "and in furtherance of justice" the petition should be transferred to the Western Division of the Central District of California. 28 USC §§ 1404(a), 2241(d).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. The Clerk of the Court shall transfer this action to the United States District Court for the Central District of California, Western Division; and

2. All future filings shall reference the new case number assigned and shall be filed at:

> United States District Court
> Central District of California
> Western Division
> 350 West 1st Street STE 4311
> Los Angeles, CA 90012

IT IS SO ORDERED.

Dated: **July 25, 2025**                    _____
                                            UNITED STATES MAGISTRATE JUDGE